IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOHN DANIEL,                         :
                                      :
      Plaintiff,                  :
                                        :     CIVIL ACTION FILE
      v.                            :
                                        :     NO. _____
WILLIAMS & FUDGE, INC.,       :
a South Carolina corporation,    :
                                        :
      Defendant.              :
_____ :

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1.     This is an action for damages against the defendant for violations of the

Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

### SUBJECT MATTER JURISDICTION

2.     Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. §

1692k(d) and 28 U.S.C. § 1337 (federal question jurisdiction).

## PARTIES AND PERSONAL JURISDICTION

3.     Plaintiff is a resident of this State, District and Division and is authorized by

law to bring this action.

4.     Defendant, WILLIAMS & FUDGE, INC., is a corporation formed under the

laws of the State of South Carolina.  [Hereinafter, said Defendant is referred

to as "FUDGE"].

5.     FUDGE transacts business in this state.

6.     FUDGE's transactions in this state give rise to the Plaintiff's cause of

action.

7.     FUDGE is subject to the jurisdiction and venue of this Court.

8.     FUDGE may be served by personal service upon its registered agent in the

State of South Carolina, to wit: Gary L Williams, 300 Chatham Ave., Rock

Hill, SC 29730.

9.     Alternatively, FUDGE may be served by personal or substitute service

pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws

of the States of South Carolina or Georgia.

## FACTS COMMON TO ALL CAUSES

10.   FUDGE uses the mails in its business.

11.   FUDGE uses telephone communications in its business.

12.   The principle purpose of FUDGE's business is the collection of debts.

13.   FUDGE regularly collects or attempts to collect debts owed or due, or asserted to be owed or due, another.

14.   FUDGE is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

15.   In the course of attempting to collect a debt allegedly due from Plaintiff to a business not a party to this litigation, FUDGE communicated with Plaintiff in a manner which violated the Federal Fair Debt Collection Practices Act.

16.   In or around November and December 2009, FUDGE left a series of telephone messages for Plaintiff requesting a return call.

17.   In the messages, FUDGE did not meaningfully disclose its identity.

18.   In the messages, FUDGE did not state that the communications were from a debt collector.

19.   In the messages, FUDGE did not state that the communications were an attempt to collect a debt.

20.    Defendant's communications violate the Fair Debt Collection Practices Act.

21.    Plaintiff has complied with all conditions precedent to bring this action.


## CAUSE OF ACTION

## COUNT ONE: FAIR DEBT COLLECTION PRACTICES ACT

22.    The acts of Defendant constitute violations of the Fair Debt Collection

Practices Act.

23.    Defendant's violations of the FDCPA include, but are not limited to, the

following:

24.        The placement of telephone calls without meaningful disclosure of

the caller's identity, in violation of 15 U.S.C. § 1692d(6);

25.        The use of any false, deceptive, or misleading representations

or means in connection with the collection of any debt, in

violation of 15 U.S.C. § 1692e; and

26.        The failure to disclose in subsequent communications that the

communication is from a debt collector, in violation of 15

U.S.C. § 1692e(11).

27.     As a result of Defendant's actions, Plaintiff is entitled to an award of

statutory damages, as well as an award of costs and attorney fees.


        WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT

JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF

PLAINTIFF, AS FOLLOWS:

        a)      That Plaintiff be awarded statutory damages;

        b)      That Plaintiff be awarded the expenses of litigation including a

reasonable attorney fee;

        c)      That the Court declare each and every defense raised by Defendant to

be insufficient; and

        d)      That the Court grant such further and additional relief as is just in the

circumstances.

                        Respectfully submitted,


                                 /s/ Justin T. Holcombe
                                James M. Feagle
                                Georgia Bar No. 256916
                                Kris Skaar
                                Georgia Bar No. 649610
                                Justin T. Holcombe
                                Georgia Bar No. 552100

**SKAAR & FEAGLE, LLP**
108 East Ponce de Leon Avenue
Suite 204
Decatur, GA 30030
404 / 373-1970
404 / 601-1855 fax